# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

May 4, 2021

To:     Robert N. Trgovich
        UNITED STATES DISTRICT COURT
        Northern District of Indiana
        Fort Wayne , IN 46802-0000

| | |
|---|---|
| No. 20-3022 | TERRY L. LYMON, <br> Plaintiff - Appellant <br><br> v. <br><br> UNITED AUTO WORKERS UNION, LOCAL 2209, <br> Defendant - Appellee |
| Originating Case Information: | |
| District Court No: 1:20-cv-00169-HAB-SLC <br> Northern District of Indiana, Fort Wayne Division <br> District Judge Holly A. Brady | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:     No record to be returned

NOTE TO COUNSEL:

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date:                                                   Received by:

_____                    _____

form name: c7_Mandate(form ID: 135)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

April 12, 2021

Before:   ILANA DIAMOND ROVNER, Circuit Judge
          DAVID F. HAMILTON, Circuit Judge
          AMY J. ST. EVE, Circuit Judge

| No. 20-3022 | TERRY L. LYMON,<br>Plaintiff - Appellant<br><br>v.<br><br>UNITED AUTO WORKERS UNION, LOCAL 2209,<br>Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:20-cv-00169-HAB-SLC<br>Northern District of Indiana, Fort Wayne Division<br>District Judge Holly A. Brady ||

We **VACATE** the judgment on the Title VII claims and **REMAND** them for further proceedings, but we **AFFIRM** in all other respects. The above is in accordance with the decision of this court entered on this date. Each side shall bear their own costs.

form name: **c7_FinalJudgment**(form ID: **132**)

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

CERTIFIED COPY

Submitted April 12, 2021[*]
Decided April 12, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3022

| | |
|---|---|
| TERRY LYMON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:20-cv-00169-HAB-SLC |
| UNITED AUTO WORKERS UNION, LOCAL 2209,<br>    *Defendant-Appellee*. | Holly A. Brady,<br>*Judge*. |

### O R D E R

Terry Lymon, who is African American, asked his union to pursue a grievance about his employment discharge. The union agreed but, despite Lymon's inquiries, it never told him that it left idle and then, three years later, dropped his grievance. The union kept the grievance's status secret from Lymon for another four years, until its

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

new leader finally answered Lyman's questions about his grievance. Lymon promptly pursued an appeal within the union, filed an administrative charge of discrimination with the Equal Employment Opportunity Commission within 300 days of that appeal, and then sued the union for race discrimination and breach of its duty of fair representation. The district court dismissed the case on the pleadings, reasoning that the claims were either time-barred by the seven-year gap or outside the scope of Lymon's charge to the EEOC. If Lymon can prove his allegation that, through no fault of his own, the union intentionally kept him in the dark about its handling of the grievance for seven years, equitable tolling can save his race-discrimination claims; further, his EEOC charge exhausted his race claims. Thus, we vacate the judgment in part and remand.

In July 2004, after Lymon lost his job, his union agreed to grieve the discharge but had him wait seven years for a resolution. Lymon was a dues-paying member in good standing with his union, the United Auto Workers Union, Local 2209. Believing that his discharge violated the collective bargaining agreement, he asked his union to contest the discharge. In late 2004, the union agreed to file the grievance. But unknown to Lymon, the union let the grievance sit idle for three years, during which time the union refused to answer Lymon's inquiries about its status. In June 2007, the union withdrew the grievance. Even then, it did not tell Lymon about the withdrawal, despite his further inquiries. He learned of the withdrawal only four years later, in April 2011, when the local union's new leader finally responded to Lymon. The leader saw that Lymon never received notice of the withdrawal, so that month—seven years after the grievance's filing, and four years after its withdrawal—the union notified Lymon that his case had been withdrawn.

Lymon immediately appealed within the union, a step that the union requires of its members before they may sue. Lymon first appealed locally. Because the withdrawal occurred four years earlier, the union ruled in July 2011 that his appeal of the withdrawal was untimely. Lymon appealed that decision to the union's international board. It notified him in March 2012 that his appeal was pending and then rejected it in December 2012 as untimely.

Anticipating this result, Lymon filed a charge of discrimination with the EEOC within nine months of the local union's rejection of his appeal. He charged in April 2012 that the union racially discriminated against him by idling and withdrawing his grievance, and by not notifying him about it in order "to deny" that he appealed "in a timely manner." The EEOC took eight years, inexplicably, until March 2020, to issue a

right-to-sue letter. (The union does not argue that this delay renders the race claims untimely.)

One month after receiving his right-to-sue letter, Lymon sued the union on two grounds, both of which the district court dismissed on the pleadings. First, he alleged that the union breached its duty of fair representation, violating the National Labor Relations Act, 29 U.S.C. §§ 151–69. Second, he asserted that the local union had discriminated against him based on race, violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, by idling his grievance in 2004, failing to notify him of its withdrawal in 2007, and denying his appeal in 2011. The court granted the union's motion to dismiss. It first ruled that Lymon had to file his fair-representation claim within six months of the end of the union's internal grievance process; that was December 2012, more than seven years before Lymon sued. The Title VII claims based on the idled 2004 grievance and the withdrawal of the grievance in 2007 were untimely, the court continued, because Lymon did not file his EEOC charge until April 2012, more than 300 days after those acts. The EEOC charge was timely relative to his claim about to the local union's rejection in July 2011 of his internal appeal, but that claim, the court stated, was not mentioned in the EEOC charge and thus unexhausted.

On appeal, Lymon first challenges the dismissal of his race-discrimination claims as time-barred, arguing that the court resolved disputed facts at the pleading stage. He recognizes that, for his claim that the union idled his charge in 2004 and withdrew it in 2007, he filed his EEOC charge more than 300 days after these events. And normally, claims arising under Title VII must be brought within 300 days of the allegedly unlawful act. 42 U.S.C. § 2000e-5(e)(1). But Lymon argues, as he did in the district court, that he could not have brought his claims within 300 days of the acts because the union, through its refusal to respond to him, concealed from him—until 2011—its actions. Furthermore, he continues, immediately after learning of these events, he started the union's required appeals process, and he filed his EEOC charge within 300 days of the local union's end of that process in July 2011.

The district court wrongly ruled, on the pleadings, that Lymon's claims that the union discriminated against him in 2004 and 2007 were time-barred. In limited circumstances, the doctrine of equitable tolling can extend a limitations period where, despite due diligence, a plaintiff cannot obtain the information necessary to learn that he may have a claim. *Allen v. Chicago Transit Auth.*, 317 F.3d 696, 698 (7th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). Taking Lymon's factual allegations as true, as we must at this stage, *see Allen v. GreatBanc Trust Co.*, 835 F.3d 670,

674 (7th Cir. 2016), he has adequately alleged grounds for equitable tolling. He asserts that, through no fault of his own and despite vigorous efforts to keep tabs on his grievance, he did not and could not know (because of the union's stonewalling) until April 2011 that the union had sat on and then withdrawn his grievance. At that point he initiated the required internal appeals. Of course, the union may dispute Lymon's allegations, and fact development may reveal that his inquiries were insufficient or that the union's responses were more revealing. But at this stage Lymon's allegations suffice to withstand dismissal on timeliness grounds.

The union counters that, even if the limitations period is tolled until April 2011, Lymon's claims are untimely because he did not file an EEOC charge until April 2012, more than 300 days after learning about the dropped grievance. But Lymon alleges that the union required him to exhaust its internal appeal process before filing a federal lawsuit. A limitations period for a claim against a union for violating its duty of fair representation is tolled during the pendency of a union's required, internal appeal process. *See Frandsen v. Bhd. of Ry., Airline, & S.S. Clerks*, 782 F.2d 674, 681 (7th Cir. 1986). The union has not argued, let alone explained, why that rule should not apply to other claims, like Title VII. Lymon began that process in April 2011; the local union denied his appeal in July 2011, and the union does not dispute that Lymon filed his EEOC charge within 300 days of that denial, in April 2012. So tolling can save this claim.

The next issue is whether Lymon exhausted with the EEOC his claim that the local union wrongly denied his internal appeal in July 2011. The district court thought that Lymon filed his charge within 300 days of this event, but that he did not adequately charge that the union denied his appeal because of his race. We disagree. District courts should "review the scope of an EEOC charge liberally," *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015), and a claim is exhausted if the federal complaint is "reasonably related to" the EEOC charge. *Id.* (internal citation omitted). That is the case here. Lymon charged that, because of his race, the union concealed its actions from him in order "to deny" that he appealed "in a timely manner." That charge reasonably relates to Lymon's claim in this suit that the union denied his internal appeal because of his race. *See id.* at 831–32 (plaintiff "need not include in her charge every fact that, individually or in combination, forms the basis of a subsequent lawsuit's claims" if the complaint involves same conduct and implicates same defendant).

The union responds that the charge is insufficient because the only month that it mentions is March 2012. That is the month, the union observes, when the *international*

board notified Lymon that his second internal appeal was pending; July 2011 is when the *local* union denied the appeal. But the reference to March 2012 reasonably notified the local union that Lymon wanted to challenge its denial of his appeal. After all, the subject of the March 2012 notice from the international board was Lymon's challenge to the local union's denial of his appeal in July 2011. And the remainder of the EEOC charge accuses the local union of claiming that Lymon failed to file a timely internal appeal, which is exactly what the local union said in the denial from July 2011. Accordingly, Lymon's charge reasonably notified the union that he was challenging as discriminatory its denial of his internal appeal in July 2011.

Finally, Lymon challenges the dismissal of his fair-representation claim, but the district court properly dismissed that claim as untimely. The latest possible date Lymon could have brought the claim was July 22, 2013—six months after he knew that the union had rejected his final appeal. *See Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 472 (7th Cir. 2020); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–72 (1983). Lymon's lawsuit, filed in April 2020, came almost seven years too late. Lymon replies that the same timing rules that govern Title VII should apply to this claim, but he is mistaken. A claim for breach of the duty of fair representation under the National Labor Relations Act, unlike a claim under Title VII, does not require exhaustion with the EEOC, even when the claims are factually intertwined. *Xanthopoulos v. U.S. Dep't of Labor*, --- F.3d ----, No. 20-2604, 2021 WL 1083636, at **6 (7th Cir. Mar. 22, 2021).

Accordingly, we VACATE the judgment on the Title VII claims and REMAND them for further proceedings, but we AFFIRM in all other respects.