UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRY L. LYMON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cv-00169-HAB-SLC |
| UAW LOCAL UNION #2209, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Strike Lien (ECF 82) filed by Plaintiff Terry L. Lymon on January 17, 2023. For the following reasons, the motion is GRANTED.

*A. Factual and Procedural Background*

Attorney John Panico entered his appearance on behalf of Plaintiff Terry L. Lymon in this matter on May 7, 2021. (ECF 38). On December 30, 2022, Panico filed a motion to withdraw as attorney of record for Lymon. (ECF 77). The Court held a telephonic hearing on the motion to withdraw on January 11, 2023, during which Lymon orally agreed to the motion to withdraw. (ECF 80). The Court granted the motion and Panico's appearance was withdrawn. (*Id.*). The day after the hearing, Panico filed a Notice of Charging Lien for $11,925 (ECF 81), which Lymon seeks to strike in the instant motion (ECF 82).

The Notice of Charging Lien (ECF 81) filed by Panico intended to give notice to the Court and the parties of the unpaid attorney's fees against any and all settlement and/or distributions of proceeds due to Lymon in this matter. Panico has alleged that Lymon owes him approximately $11,925 in attorney's fees.

In his motion to strike, Lymon, now *pro se*, argues that Panico's notice of lien is invalid, and therefore that it be stricken. (ECF 82). Panico filed a response in opposition to the motion on January 30, 2023 (ECF 83), to which Lymon replied on February 2, 2023 (ECF 84). Accordingly, the motion to strike is now ripe for adjudication.

### B. Applicable Legal Standard

"There is no federal common law or statute providing for an attorney's lien; federal courts follow their forum state's law." *Holly v. Rent-A-Center*, No. IP 00-580-C-Y/F, 2000 WL 1134536, at *1 (S.D. Ind. Aug. 9, 2000) (citation omitted). Indiana law recognizes two kinds of attorney's liens: a "retaining" lien and a "charging" lien. *Id.* (citing *State ex rel. Shannon v. Hendricks Cir. Ct.*, 183 N.E.2d 331 (Ind. 1962)).

"A retaining lien is the right of the attorney to retain possession of a client's documents, money, or other property which comes into the hands of the attorney professionally, until a general balance due to him for professional services is paid," and it "exists as long as the attorney retains possession of the subject matter." *Iqbal v. Patel*, No. 2:12-CV-56, 2017 WL 6629399, at *1 (N.D. Ind. Dec. 29, 2017).

In contrast, "[a] charging lien is the equitable right of attorneys to have the fees and costs due to them for services in a suit secured out of the judgment or recovery in that particular suit." *Id.* (citing *Bennett v. NSR, Inc.,* 553 N.E.2d 881, 884 (Ind. Ct. App. 1990)). The charging lien "is not dependent on possession, . . . . [but] is based on natural equity—the client should not be allowed to appropriate the whole of the judgment without paying for the services of the attorney who obtained it." *Miller v. Up in Smoke, Inc.*, No. 1:09-cv-242, 2011 WL 3022402, at *2 (N.D. Ind., July 22, 2011) (alteration in original) (citing 23 Richard A. Lord, Williston on Contracts § 62:11). Here, Panico titled the filing "Notice of Charging Lien," and he does not claim to possess any of Lymon's property. (ECF 81). Thus, Panico's claim arises solely as a charging lien.

In most states, a charging lien rests entirely on statutes. *Iqbal*, 2017 WL 6629399, at *1 (citation omitted). Indiana Code § 33-43-4-1, the charging lien statute, provides that "[a]n attorney . . . may hold a lien for the attorney's fees on a judgment rendered in favor of a person employing the attorney to obtain the judgment." An attorney is entitled to a lien if, "not later than sixty days after the date the judgment is rendered, [he] enters in writing upon the docket his intention to hold a lien on the judgment, along with the amount of his claim." *Miller*, 2011 WL 3022402, at *2; Ind. Code § 33-43-4-2. "Similar to a mechanic's lien, [Indiana Code § 33-43-4-1] authorizes a lien upon something created or recovered for the client by his attorney." *Stroup v. Klump-O'Hannes*, 749 N.E.2d 622, 625 (Ind. Ct. App. 2001). Therefore, a charging lien "is a partial assignment of the judgment from the client to the attorney." *Id*.

### C. Discussion

As the basis for his motion, Lymon alleges a series of facts purportedly showing that (1) he should not pay the fees claimed by Panico, (2) that Panico is violating his due process rights, and (3) that the notice of lien would hamper his case. (ECF 82; *see* ECF 84). Lymon's arguments are misplaced as they do not address whether the notice of lien should be stricken. Instead, his arguments largely address whether Panico is entitled to attorney's fees, an issue that is not before the Court.

Nevertheless, the motion to strike will be granted. The Indiana Code was amended in 2004, before which it was "clear that an attorney had sixty days from the entry of final judgment to enter his lien, and a lien filed before any judgment was rendered was not valid because there was no judgment for which the lien could attach." *Iqbal*, 2017 WL 6629399, at *1 (quoting *Clem v. Watts*, 27 N.E.3d 789, 792 (Ind. Ct. App. 2015)). "Since 2004, Indiana courts have chosen to continue to read the amended statute in the same way, finding that its clear and unambiguous language contemplates that a judgment must be recorded before a lien may be entered." *Id.* (citation and

quotation marks omitted). Thus, courts will strike a notice of attorney's charging lien when a judgment has not been rendered. *Id.* ("The court finds that Salem's notice of lien is invalid because final judgment has not been entered in this matter. Therefore, there is no judgment for the lien to attach."); *see also Miller*, 2011 WL 3022402, at *3-4. Here, a judgment has not yet been rendered, thus the notice of lien is premature.

In his motion, Lymon further requests that "he be presented with an itemized bill that shows the date, time expenditure and what capacity . . . Panico is billing Lymon for." (ECF 82 at 3). Because the notice of lien will be stricken, the Court need not consider Lymon's request. Lymon also asks that the Court order Panico to send "all of the hard copy documents" previously sent by Lymon back to him. (ECF 84 at 4). However, Lymon's request was raised in his reply, in violation of Local Rule N.D. Ind. L.R. 7-1(a) ("Motions must be filed separately."), and the well-established principal that "arguments raised for the first time in a reply brief are deemed waived." *See, e.g.*, *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012). Again, Panico's possession of documents is not an issue that is properly before the Court in this motion to strike. Thus, the Court need not consider Lymon's request for documents.

### D. Conclusion

In conclusion, Lymon's Motion to Strike Lien (ECF 82) is GRANTED. The Clerk is DIRECTED to show the Notice of Charging Lien filed by Panico (ECF 81) as STRICKEN as premature.

SO ORDERED. Entered this 22nd day of February 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge