## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| TERRY L. LYMON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Cause No. 1:20-CV-169-HAB |
| UAW LOCAL UNION #2209, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

After the Court granted summary judgment for Defendant UAW Local Union #2209 ("Local 2209") on Plaintiff's Title VII claims, Local 2209 filed its Bill of Costs pursuant to Fed. R. Civ. P. 54(d) seeking costs in the amount of $5,205.60. (ECF No. 132). Before the Court are Plaintiff, Terry Lymon's ("Lymon's") Objections to the Taxing of Costs and his Motion to Retax Costs (ECF Nos. 139, 140). Because the Court finds the objections are not well-taken and the Plaintiff has failed to establish indigency, the Objections will be OVERRULED and the Clerk will be DIRECTED to tax costs against Lymon in the amount of $5,205.60.

## DISCUSSION

### 1. *Applicable Standard*

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1) ("[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Costs allowed to be taxed are set forth in 28 U.S.C. § 1920, and only costs in that listing are taxable. *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The allowable fees under §1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily

obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) and fees incurred under 28 U.S.C. §1828.

"There is a presumption" that the prevailing party will recover costs and the prevailing party maintains the burden of establishing the reasonableness and necessity of the potentially recoverable costs. *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If the prevailing party satisfies that burden, the losing party bears the burden of showing that the costs are inappropriate. *Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022). "This presumption in favor of awarding costs is difficult to overcome; therefore, the court must award costs unless it states good reasons for denying them." *Id.* "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.*

2. Analysis

   a. Local 2209 is a Prevailing Party Entitled to Costs

The underlying facts were detailed in the summary judgment opinion, (Opinion and Order, ECF No. 128), and needn't be repeated in-depth now. It suffices to say that the Court determined many of Lymon's Title VII claims were time-barred and not subject to equitable tolling. The Court concluded that Lymon lacked evidence of intentional discrimination sufficient to warrant a trial on the remaining timely claim. *Id.* at 4-8.

A "prevailing party" is one "that prevails on a substantial part of the litigation." *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017). "[A] party may meet that standard even when the party does not prevail on every claim." *Id.*; *see Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068

(7th Cir. 1999). Here, given the Court's summary judgment determination, Local 2209 was awarded "substantial relief," making it a prevailing party presumptively entitled to costs. *Smart v. Local 702 Int'l Brotherhood of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009); *see Slane*, 164 F.3d at 1068. Thus, the Court moves onward in the analysis.

### b. Local 2209's Bill of Costs and Lymon's Objections

In its filing, Local 2209 seeks to recover $199.56 for summons and subpoena fees; $4,645.15 for deposition transcripts; and $360.89 for witness fees, for a total of $5205.60. In awarding costs, the district court must determine (1) whether the cost imposed on the losing party is statutorily recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000).

Local 2209 submitted, along with its bill of costs, the invoices for the deposition transcripts and an affidavit from its counsel explaining the necessity and reasonableness of the cost sought. Lymon objects to the various fees. Specifically, he asserts that he should not be responsible for the witness fees for four witnesses whose depositions were postponed due to his counsel's decision to withdraw from the case. Second, he asserts that he should not be required to pay the costs of depositions for witnesses that previously testified at an administrative hearing. Third, he asserts that he should not have to pay for his own deposition because he previously was deposed in Indiana Civil Rights Commission hearings. He also takes issue with the length of his deposition (11 hours), which he contends violated the Magistrate Judge's order in the case.

As it relates to the recoverability of the various fees, Local 2209 properly submitted invoices for statutorily authorized costs under §1920. *Majeske*, 218 F.3d at 824 (7th Cir. 2000) ("If there is statutory authority for taxing a specific cost, '[the Seventh Circuit] will not overturn a district court's decision that the cost was necessary to the litigation or its determination of what

amount is reasonable absent a showing of clear abuse of discretion.'"). Lymon presents no meaningful challenge that §1920 does not permit the recovery of the requested charges. Rather, all his objections are related to the reasonableness of the charges, and none are well-taken.

1. ***Costs of depositions for Watkins, Kelly and Bond* and *Plaintiff's Deposition***

Under § 1920(2), fees of the court reporter for all or part of the stenographic transcript may be taxed when it "was necessarily obtained for use in the case," that is, whether it was necessary to counsel's effective performance and proper handling of the case. Lymon first objects to the costs of deposition transcripts for Watkins, Kelly, and Bond because "the Defendant was already in possession of the testimonies of [these] individuals," "each one of these individuals testified at the ICRC hearings in 2019," and the Defendant cross-examined these individuals. Thus, Lymon believes that none of these depositions were necessary to the case.

Lymon's objections do not warrant a denial of these costs. It is well established in the Seventh Circuit that "the expenses of discovery depositions shown to be reasonably necessary to the case are recoverable even if the depositions are not used as evidence at trial." *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). As Lymon concedes, Watkins, Kelly, and Bond were all important fact witnesses relating to Lymon's claims against Local 2209. The fact that each of these individuals testified in an administrative ICRC proceeding, does not render their depositions in this later-filed federal civil suit unnecessary under §1920. It was certainly reasonable for counsel to depose fact witnesses to obtain information pertinent to Lymon's claims in this civil proceeding. Lymon has cited no authority to meet his burden that these depositions were unnecessary and the costs inappropriate.

The same result follows for Lymon's deposition. Lymon is hard-pressed to argue that his own deposition was repetitive and unnecessary given his prior testimony in the ICRC hearing. As

a party to the litigation, Lymon took on the risk that he would be required to sit for a discovery deposition.

As to Lymon's claim that his deposition should have been limited to 7 hours, he is simply incorrect. *See* Report of Parties Planning Meeting, (ECF No. 46) (Each deposition ***other than of the parties*** limited to a maximum of 7 hours unless extended by stipulation."); (ECF No. 47: "The Report of the Parties Planning Meeting is approved in all respects…"). Lymon's objections to the deposition costs are OVERRULED.

### 2. *Witness Fees for Postponed Depositions*

Reimbursement of fees for witnesses are authorized under 28 U.S.C. § 1920(3). Lymon objects to paying witness fees for the postponed depositions of four witnesses. He argues that he should not be forced to pay fees occasioned because his lawyer moved to withdraw from his case. The depositions of Ron Bond, Joseph Watkins, Lavon Kelly and Mark Burbrink were originally scheduled for January 12-13, 2023. On December 30, 2022, Lymon's former attorney John Panico, moved to withdraw from the case. (ECF No. 77). The Magistrate Judge held a hearing on the motion to withdraw on January 11, 2023, granted the request to withdraw, and stayed the case to provide Lymon time to retain new counsel. In the meantime, the witnesses were notified that their depositions would be postponed.[1] Three of the witnesses' nevertheless cashed the witness/mileage checks. The depositions ultimately took place in late June 2023.

The depositions to which Lymon objects were postponed due to a stay occasioned by his attorney withdrawing and the corresponding need to permit Lymon an opportunity to retain new counsel. No fault at all for the delay can be assessed to Local 2209. Allowing Lymon to charge

---

[1] The docket entry reflects that Lymon "consents to contacting 3 nonparty witnesses to advise of postponement of their 1/12/2023 deposition due to stay of case." (ECF No. 80).

costs to Local 2209 for delay occasioned by Plaintiff would be fundamentally inequitable under the circumstances. Accordingly, the Court overrules Lymon's objection to the witness fees.

### c. Lymon Has Not Established His Indigence

District courts have discretion to decline to award costs against an indigent party. *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). However, indigence is a "narrow" exception rather than "a blanket excuse"—costs may still be awarded to "serve[ ] the valuable purposes of discouraging unmeritorious claims." *Id.* at 635–36. The "threshold factual" question is whether the non-prevailing party is incapable of paying costs now or in the future. *Id.* at 635. "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses" to "ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances." *Id.*

Lymon has not provided any of the financial documentation that *Rivera* requires. *See* ECF No. 140. Instead, he simply represents in his Motion to Retax costs that he is "indigent" and "cannot afford to pay the costs." *Id.* at 2. He also claims that because he is retired, lives on a set income and has no other income, the costs would impose an undue hardship. *Id.*[2]

While Lymon may never have income allowing him to pay costs, the Seventh Circuit has held that the indigency standard is based on ability to pay "at this time or in the future." *Lange*, 28 F.4th at 846. Income therefore "is no indication of indigence because it tells us nothing of [the party's] other financial resources." *Corder v. Lucent Tech., Inc.*, 162 F.3d 924, 929 (7th Cir. 1998). Since Lymon has not provided evidence about other financial resources, he has not carried his

---

[2] The Court takes judicial notice that Lymon did not request *in forma pauperis* status at the outset of this suit or at any time during his lawsuit. Nor did he request *in forma pauperis* status in either of his appeals. Rather, he has paid the District Court filing fees (ECF No. 1) and paid the Seventh Circuit Appellate fees for both of his appeals. (ECF Nos. 32, 144).

burden to prove the "narrow" indigency exception. *See Lange*, 28 F.4th at 846 (describing documentary evidence of assets and expenses as "required" to prove indigency).

In sum, on these facts, the "strong presumption that the prevailing party will recover costs" has not been overcome. *Cassidy*, 338 F.3d at 708; *see Lange*, 28 F.4th at 845 ("Generally, only misconduct by the prevailing party worthy of a penalty or the losing part's inability to pay will suffice to justify denying costs."). Costs will be taxed against Lymon.

## **CONCLUSION**

Based on the reasoning above, Lymon's Objections to the taxing of costs (ECF No. 139) are OVERRULED. His Motion to Retax Costs (ECF No. 140) is DENIED. The Clerk is DIRECTED to tax costs against Plaintiff in the amount of $5,205.60.

SO ORDERED on May 7, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT