UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRY L. LYMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:20-CV-169-HAB |
| | ) |
| UAW LOCAL UNION #2209, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

After the Court granted summary judgment for Defendant UAW Local Union #2209 ("Local 2209") on Plaintiff's Title VII claims, Local 2209 filed its Bill of Costs pursuant to Fed. R. Civ. P. 54(d) seeking costs in the amount of $5,205.60. (ECF No. 132). The Court, after overruling Plaintiff's objections, taxed costs in the full amount sought. (ECF No. 146). Since that time, the Seventh Circuit affirmed the Court's grant of summary judgment. (ECF No. 148). Following the issuance of the mandate, Plaintiff filed a "Motion to Declare Indigent and Proof of Indigency" (ECF No. 149), in which Plaintiff seeks relief from this Court's order taxing costs on the grounds of his indigency.

District courts have discretion to decline to award costs against an indigent party. *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). However, indigence is a "narrow" exception rather than "a blanket excuse"—costs may still be awarded to "serve[ ] the valuable purposes of discouraging unmeritorious claims." *Id.* at 635–36. The "threshold factual" question is whether the non-prevailing party is incapable of paying costs now or in the future. *Id.* at 635. "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* "This documentation should include evidence in the form of an affidavit or other

documentary evidence of both income and assets, as well as a schedule of expenses" to "ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances." *Id.*

This is not the first time Plaintiff has asserted an indigence exception for purposes of avoiding paying the costs of this litigation. (ECF Nos. 139, 140). It is, however, the first time he has filed the type of documentation that *Rivera* requires the Court to consider. (ECF No. 149-1). That documentation verifies that Plaintiff's income is limited to his General Motors pension and his Indiana State Police pension. Together those pensions equal $2,089.87, a month or approximately $25,000.00 annually. Plaintiff submits proof of his reasonable living expenses showing a conservative estimate of $1,454.58 month. These expenses do not include payments he is obligated to make for federal direct and private student loans that are in excess of $90,000 and $30,000, respectively. At the time of his submission, Plaintiff had $50.63 in his savings account.

Plaintiff does have some assets, including the home he has lived in for 30 years with an assessed value of $208,500.00[1] and three vehicles –the newest of which is 17 years old. He also provided the property tax documentation showing property tax liability of $2,085.00 annually and the registration information for the three vehicles showing annual registration fees totaling $394.06.

Local 2209 objects to Plaintiff's newest attempt to challenge the award of costs asserting that Plaintiff could have appealed this Court's original decision on the costs separately from his appeal of the summary judgment decision. *Lorenz v. Valley Forge Ins. Co*., 23 F.3d 1259, 1260 (7th Cir. 1994) (citations omitted). Because he did not do so, Local 2209 argues that it is too late for the Court to reconsider its ruling. The Court disagrees. In his present filing, Plaintiff does not

---

[1] This assessed value is based on the Allen County Assessor's determination that the assessed value of his residence for 2024 is $208,500.00. The 2025 assessed value is $191,100.00. https://lowtaxinfo.com/allencounty/1949133-2025.

2

argue that the Court wrongly decided the costs or that the Court erred by determining that Plaintiff had not submitted proof of indigency. What he is requesting is that the award of costs be vacated because his financial circumstances now that he is retired make him unable to pay the costs nor is it foreseeable that he will be able to do so in the future.

The Court construes Plaintiff's motion to be one under Fed. R. Civ. P. 60 for the Court to reconsider its order relating to costs. Fed. R. Civ. P. 60(b) provides that a court may relieve a party from final judgment or order for several reasons including mistake, newly discovered evidence, fraud, a void judgment, or a satisfaction or release from a prior judgment. Fed. R. Civ. P. 60(b)(1–5). Subsection (6) serves as a catchall provision that authorizes a court to relieve a party from a final judgment or order for "any other reason that justifies relief." Granting relief from an order under "Rule 60(b)(6) is an extraordinary remedy, but it is within the district court's discretion to grant it in order to do justice." *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987) (citing *Klapprott v. United States*, 335 U.S. 601 (1949)). Indeed, "Rule 60(b)(6) is fundamentally equitable in nature." *Ramirez v. United States,* 799 F.3d 845, 851 (7th Cir. 2015).

Local 2209 reiterates that there is a strong presumption that costs be awarded to the prevailing party and notes that when determining whether to hold an indigent party liable for costs, the court (1) "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future [;]' " and (2) "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). With respect to whether Plaintiff can pay the costs, Local 2209 argues that some of the expenses Plaintiff lists are discretionary, such as expenses for internet services and life insurance. It emphasizes that Plaintiff has additional assets that weigh against his claim of indigency and points to this Court's prior

3

recognition that Plaintiff did not request *in forma pauperis* status at the outset of this suit or at any time during his lawsuit. Nor did he request *in forma pauperis* status in either of his appeals. Rather, he has paid the District Court filing fees (ECF No. 1) and paid the Seventh Circuit Appellate fees for both of his appeals. (ECF Nos. 32, 144). As for the second issue, Local 2209 argues that Plaintiff brought an unsuccessful claim, the amount of costs are low, and the legal issues were not particularly difficult.

The Court has reviewed the documentation Plaintiff provided. While not in affidavit form, it is competent evidence that provides the Court a snapshot into Plaintiff's financial circumstances, including his monthly income and expenditures. *See Hernandez-Martinez v. Chipotle Mexican Grill, Inc.*, 2013 WL 2384251, at *5 (N.D. Ill. May 30, 2013) (holding plaintiff's documentation, including attestation to income, assets, and expenses, was adequate for court to determine that she was unable to pay for assessed costs). What is clear from the Court's review is that Plaintiff's monthly income exceeds the federal poverty guidelines, *see* https://aspe.hhs.gov/poverty-guidelines. Plaintiff also acknowledges that after his expenses he has some discretionary funds remaining each month.[2] He also owns real property outright and has tangible personal assets in the three vehicles he owns. That said, however, while Local 2209 believes the $5,205.60 amount of costs is low, it equals approximately 1/5 of the Plaintiff's annual income. That is a high cost for the Plaintiff and likely not so much for Local 2209. See *Bassett v. Credit Bureau Servs., Inc.*, 2023 WL 5227735, at *2 (D. Neb. Aug. 15, 2023) ("A disparity between the wealth of the parties may be considered in reversing the clerk's taxation of costs); *Eldaghar v. City of New York Dept of Citywide Admin. Servs.*, 2010 WL 1780950, at *2 (S.D.N.Y. May 4, 2010)(" A Title VII plaintiff's lack of financial resources may be a proper ground for denying costs, particularly where there is a

---

[2] This assumes that he is not making payments on the student loan accounts for which he is obligated.

wide disparity of resources between the parties."). Based on the documentation provided and the Plaintiff's representations, the Court believes payment of the full amount would create a significant financial hardship for Plaintiff.

Moreover, there is no indication that Plaintiff proceeded in bad faith with this action; in fact, Plaintiff prevailed on his first appeal and the case was remanded for further consideration. Plaintiff litigated the case in good faith and there has been no determination by either this Court or the appellate Court that the Plaintiff raised frivolous or spurious claims. The case ultimately resolved on summary judgment and the Seventh Circuit decided that this Court correctly decided the issues raised.

On this record then, the Court concludes that Plaintiff has documented his inability to pay the full amount of $5,205.60 in allowable costs. Yet, because the Plaintiff does have some assets and monthly discretionary income, the Court believes that Plaintiff should still make a contribution to costs he has forced Defendant to expend in order to defend itself. See *Temple v. City of Chicago*, 2016 WL 8669630, at *7 (N.D. Ill. July 1, 2016) (reducing costs imposed on indigent Plaintiff); *See Hernandez-Martinez*, 2013 WL 2384251, at *6 (finding an inability to pay allowable costs but requiring losing party to contribute to costs). Plaintiff forced Local 2209 to defend two appeals in this case and he must shoulder some of the burden he put on the defense. The Court therefore uses its inherent powers and equitable authority to reduce Plaintiff's taxable costs to $650.00 which equals approximately one month of Plaintiff's discretionary income. This reduction reflects the potential financial hardship that Plaintiff would face if the full costs were imposed on him.

## **CONCLUSION**

Plaintiff's Motion to Declare Indigent and Proof of Indigency, which this Court construes as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b)(6) (ECF No. 149) is

GRANTED in part and DENIED in part. The Clerk is DIRECTED to vacate the order taxing costs in favor of Local 2209 (ECF No. 147) and retax costs in the amount of $650.00 as outlined in this Opinion and Order.

SO ORDERED on January 22, 2025.

s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT